```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
CHRISTOPHER BAUNACH,                           :
                                               :    **MEMORANDUM AND ORDER**
                              Plaintiff,       :    13-CV-3049 (DLI)(RML)
                                               :
              -against-                        :
                                               :
LIBERTY MUTUAL FIRE INSURANCE                  :
COMPANY,                                       :
                                               :
                              Defendant.       :
----------------------------------------------------------------x
```

**DORA L. IRIZARRY, U.S. District Judge:**

Plaintiff Christopher Baunach ("Plaintiff" or "Baunach") brings this action against Liberty Mutual Fire Insurance Company ("Liberty Mutual" or "Defendant"), claiming that Defendant violated New York Criminal Procedure Law § 160.50. Liberty Mutual moves to dismiss all of the claims asserted against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff opposes. For the reasons set forth below, Defendant's motion is granted in its entirety.

### BACKGROUND

The following facts are taken from the complaint and are assumed true for the purposes of this motion. Defendant Liberty Mutual issued an automobile liability insurance policy (the "Policy"), under which Plaintiff was an insured party. (Compl. ¶¶ 3, 6, Docket Entry No. 1.) The Policy included an "uninsured motorist coverage endorsement," which provided that Liberty Mutual would pay benefits to insured parties for damages sustained during an accident with an uninsured motor vehicle. (*Id.* ¶ 5.) On November 6, 2011, Plaintiff was injured as a result of an accident caused by the owner of an uninsured vehicle. (*Id.* ¶ 7.) Plaintiff presented a claim for benefits under the Policy (*id.* ¶ 9), but Liberty Mutual denied the claim. (*Id.* ¶ 10.) On January

9, 2013, Plaintiff's insurance claim was referred to arbitration for resolution. (*Id.* ¶ 11.)

On April 25, 2013, Plaintiff filed suit in New York State Supreme Court, Queens County. On May 24, 2013, the case was removed to this Court. The complaint alleges that: 1) in connection with the arbitration of Plaintiff's insurance claim, Liberty Mutual "conspired to unlawfully obtain [and obtained] certain records relating to the [P]laintiff which had been sealed pursuant to Criminal Procedure Law 160.50" (the "Records") (*id.* ¶¶ 12-13); 2) Liberty Mutual unlawfully "disclose[d] to others, including the . . . arbitrator, the aforesaid records" (*id.* ¶ 14); and 3) by "conspiring to obtain, obtaining and disclosing" the Records, Liberty Mutual "violated the covenant of good faith and fair dealing imposed . . . by virtue of the [Policy]." (*Id.* ¶¶ 18-19.) Plaintiff seeks compensatory and punitive damages. (*Id.*)

Liberty Mutual moves to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, claiming that New York Criminal Procedure Law § 160.50 does not create a cause of action against private entities. (Def.'s Mem., Docket Entry No. 5.) Plaintiff opposes. (Pl.'s Mem., Docket Entry No. 8.) For the reasons stated below, Defendant's motion to dismiss is granted in its entirety.

## DISCUSSION

**I.     Legal Standard**

Under Rule 8(a) of the Federal Rules of Civil Procedure, pleadings must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Pleadings are to give the defendant "fair notice of what the claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), overruled in part on other grounds by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555).

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move, in lieu of an answer, for dismissal of a complaint for "failure to state a claim upon which relief can be granted." To resolve such a motion, courts "must accept as true all [factual] allegations contained in a complaint," but need not accept "legal conclusions." *Iqbal*, 556 U.S. at 678. For this reason, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to insulate a claim against dismissal. *Id*. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Notably, courts may only consider the complaint itself, documents that are attached to or referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, and matters of which judicial notice may be taken. *See*, *Roth v. Jennings*, 489 F. 3d 499, 509 (2d Cir. 2007).

## II. Analysis

Defendant Liberty Mutual argues that the complaint should be dismissed in its entirety, because "a private claim for relief based on a violation of New York Criminal Procedural Law § 160.50 ("Section 160.50" or the "Statute") may only be maintained against governmental entities . . . " (Def.'s Mem. at 4.) Plaintiff counters that the purpose of Section 160.50 "would be completely undermined if private entities were allowed to obtain and disclose sealed records without consequence." (Pl.'s Mem. at 3.) The New York State Court of Appeals has not addressed the question at issue here – whether Section 160.50 creates a civil remedy against a private entity that obtains and discloses sealed criminal records. Where district courts are faced

with a novel state law issue, they must "try to predict how a state court would rule." *State Farm Mut. Auto. Ins. Co. v. Schepp*, 616 F. Supp. 2d 340, 346 (E.D.N.Y. 2008) (quoting *Salve Regina College v. Russell*, 499 U.S. 225, 241 (1991)).

Section 160.50 provides for the sealing of an individual's criminal records upon the termination of a criminal action in the individual's favor. The relevant provisions of Section 160.50 read as follows:

> Upon the termination of a criminal action or proceeding against a person in favor of such person . . . the record of such action or proceeding shall be sealed and the clerk of the court wherein such criminal action or proceeding was terminated shall immediately notify the commissioner of the division of criminal justice services and the heads of all appropriate police departments and other law enforcement agencies that the action has been terminated in favor of the accused, and unless the court has directed otherwise, that the record of such action or proceeding shall be sealed. Upon receipt of notification of such termination and sealing:
> 
> . . .
> 
> (c) all official records and papers, including judgments and orders of a court but not including published court decisions or opinions or records and briefs on appeal, relating to the arrest or prosecution, including all duplicates and copies thereof, on file with the division of criminal justice services, any court, police agency, or prosecutor's office shall be sealed and not made available to any person or public or private agency;
> 
> N.Y. Crim. Proc. Law § 160.50 (McKinney).

Since the text of the Statute does not expressly provide a civil remedy, Plaintiff may seek recovery of civil damages only if a private right of action may be implied. *See Sheehy v. Big Flats Cmty. Day, Inc.*, 73 N.Y.2d 629, 633 (1989). When determining whether a statute creates an implied private right of action, courts consider: "(1) whether the plaintiff is one of the class for whose particular benefit the statute was enacted, (2) whether recognition of a private right of action would promote the legislative purpose, and (3) whether creation of such a right would be consistent with the legislative scheme." *Lino v. City of New York*, 101 A.D.3d 552, 556 (1st Dep't 2012) (quoting *Sheehy v. Big Flats Cmty. Day, Inc.*, 73 N.Y.2d at 633).

4

Section 160.50 was enacted "to remove any 'stigma' flowing from an accusation of criminal conduct terminated in favor of the accused, thereby affording protection . . . to such accused in the pursuit of employment, education, professional licensing and insurance opportunities." *People v. Patterson*, 78 N.Y.2d 711, 716 (1991). The protections of Section 160.50 are meant to be "consistent with the presumption of innocence, which simply means that no individual should suffer adverse consequences merely on the basis of an accusation, unless the charges were ultimately sustained in a court of law." *Matter of Joseph M. (New York City Bd. of Educ.)*, 82 N.Y.2d 128, 131 (1993).

Implicit in Plaintiff's complaint is the claim that he was subject to a criminal prosecution that was terminated in his favor. (*See* Compl. ¶¶ 12-15.) Therefore, taking Plaintiff's allegations as true, he apparently is part of the class for whose particular benefit Section 160.50 was enacted. Similarly, recognition of a right of action against private entities that obtain and disclose sealed records would promote the legislative purpose of "protecting people from the stigma flowing from public access to records of unsupported criminal charges." *Lino v. City of New York*, 101 A.D.3d 552, 557. Thus, the first two factors miliate in favor of finding an implied right of action against private entities in Section 160.50.

However, the Court finds that recognition of an implied right of action against private entities would be inconsistent with the legislative scheme of Section 160.50. Section 160.50 mandates that records of criminal actions terminated in favor of an individual "shall be sealed" and that the clerk of the court where the action was terminated "shall immediately notify" the appropriate government agencies. N.Y. Crim. Proc. Law § 160.50. Accordingly, Section 160.50 has been interpreted to create a private right of action against government entities that fail to seal criminal records in accordance with the Statute. *See Lino v. City of New York*, 101 A.D.3d 552,

5

556.

In contrast, there is no similar mandatory language in Section 160.50 pertaining to private entities. *See Romero v. State*, 33 Misc. 3d 599, 602 (Ct. Cl. 2011) (finding that "every actor subject to [Section 160.50's] charge is a governmental entity dealing with their official records"). Nor has Plaintiff cited any cases enforcing Section 160.50 against a private entity. Thus, it would be inconsistent with the intent of the legislature, as expressed by the plain language of the Statute, to impose an obligation to refrain from obtaining or disclosing sealed records on private entities. The Court declines to expose the Defendant to liability without clear evidence of the legislature's willingness to do so. *See Goddard v. Martino*, 40 Misc. 3d 1050, 1055 (Sup. Ct. 2013) (finding that "this third factor will not be satisfied unless there is 'clear evidence of the Legislature's willingness to expose the governmental entity to liability that it might not otherwise incur'"). Accordingly, the Court finds that a right of action against private entities may not fairly be implied in Section 160.50. *See People ex rel. Spitzer v. Grasso*, 42 A.D.3d 126, 137 (1st Dep't 2007) (finding that the third factor is considered the "most critical"), *aff'd*, 11 N.Y.3d 64 (2008); *Goddard v. Martino*, 40 Misc. 3d 1050, 1055 (Sup. Ct. 2013) (finding that the third factor "is generally recognized as the most important factor").

In sum, Section 160.50 does not make an express provision for civil damages against private entities, and a private right of action against such entities cannot be fairly implied. Therefore, Plaintiff's claim that Defendant unlawfully obtained and disclosed sealed records in violation of Section 160.50 must be dismissed for failure to state a claim upon which relief can be granted. Plaintiff's remaining claims – for conspiracy and breach of the covenant of good faith and fair dealing – must also be dismissed, because they are both based on Defendant's alleged violation of Section 160.50. (Pl.'s Mem. at 3, 5.) Accordingly, Defendant's motion to

dismiss the Complaint is granted in its entirety.

## CONCLUSION

For the reasons stated above, Liberty Mutual's motion to dismiss is granted in its entirety.

SO ORDERED.

Dated: Brooklyn, New York
       March 27, 2014

_____/s/_____
DORA L. IRIZARRY
United States District Judge